### HALLERAN *vs.* FIELD and others.

In a suit under the acts of 1832 and 1835, against the *drawers* and *acceptors* of a bill of exchange, sued jointly, the plaintiff is entitled to recover, notwithstanding that he joins with the *money counts*, other counts in assumpsit, as counts for *goods sold* or *work done*.

Where there is no allegation of fraud or surprise, it is a sufficient compliance with the statutes relative to taking the testimony of witnesses out of the state, that the judge, before whom the interrogatories are settled, endorse his allowance of the same upon the commission by referring to them as annexed to and accompanying the commission.

The court will intend that the oath administered to witnesses named in a commission was *publicly* administered, when the commissioners certify that they administered an oath to the witnesses, that the answers given by them to the interrogatories proposed should be the truth, &c., and such oath will be deemed to apply to the interrogatories on both sides.

It cannot be urged on the trial of a cause as an objection to the introduction of depositions taken under a commission, that the depositions were not deposited in a post-office *immediately* after they were taken. The statutes in that respect are merely *directory* to the commissioners. If there be unreasonable delay in the return of a commission, the remedy of a defendant is to move for judgment as in case of nonsuit, and of a plaintiff, for leave to proceed to trial notwithstanding the commission.

THIS was an action of assumpsit, tried before the Hon. JOHN P. CUSHMAN, one of the circuit judges.

The suit was brought against the *drawers* and *acceptors* of a *bill of exchange*, in which the plaintiff declared upon the *money counts*, and also for *goods sold, work done*, and *materials found*. On the trial of the cause the counsel for the defendants objected that the plaintiff not having declared *on the money counts alone*, but having added other counts was not entitled to recover on a bill of exchange, a copy of which had been served with the declaration. The objection was overruled. Part of the testimony on the part of *the plaintiff consisted of the depositions of witness- [ *39 ]

es taken at *Montreal* under a commission issued from this court; to. the introduction of which as evidence it was objected, 1. That the plaintiff was bound to shew a rule or order authorizing the issuing of the commission; 2. That it did not appear that the interrogatories annexed to the commission had been duly allowed—all that appeared was an endorsement *on the commission* by a judge that the interrogatories and cross-interrogatories annexed to and accompanying the commission were allowed; 3. That it appeared that an oath had been administered to the witnesses to answer the *interrogatories,* but it did not appear that they had been sworn to answer the *cross-interrogatories ;** 4. That it did not appear that the oath to the witnesses was *publicly* administered; 5. That the requisition of the statute requiring the depositions to be *immediately* deposited by the commissioners in the nearest post-office, had not been complied with : the last deposition was taken on the ninth day of *April,* and the return to the commission was not deposited in the post-office at *Montreal* until the 24th day of *August.* All which objections were overruled by the circuit judge, and the counsel for the defendants excepted. The plaintiff obtained a verdict, and the defendants on a bill of exceptions, moved for a new trial.


*G. K. Osborne,* for the defendants.


*O. Allen,* for the plaintiff.


*By the Court,* COWEN, J. The statutes, 2 *R. S.* 274, 2d *ed.* § 7, and *Session Laws of* 1837. *p.* 72, *allow* the plaintiff, in a joint action,
[ *40 ]  to declare on the money counts *alone.* *They do not require, as a condition to the right of giving the bill or note in evidence, that other counts shall not be added. Accordingly it has been held that the plaintiff may count specially on the bill or note. We think other special or general counts may be added and pursued to a joint recovery, if there be testimony to sustain them. But at any rate they will not vitiate the proceeding where, as in the instance before us, they were abandoned at the trial. This could, at most, form a question on taxation of costs.

The judge was clearly right in refusing to go behind the commission, and require proof that it issued regularly. He was also right in deciding that the interrogatories annexed and produced at the trial, were the same as those which were allowed, and used by the commissioner. No fraud or surprise in

---

* The *caption* of the depositions stated that they were taken at Montreal before W. W. of that place, counsellor at law, one of the commissioners, &c. he having administered an oath to the witnesses that the answers given by them to the interrogatories proposed, should be the truth, &c. The return then proceeded in these words : " The said witnesses answered as follows to the interrogatories and cross-interrogatories attached to the said commission," &c.

either respect was proved by which the defendants could have been prejudiced; and, in the absence of such proof, the commission, endorsement, and accompanying papers produced with them were to be presumed regular and properly connected.

Enough appeared to show that the oaths which were administered extended to the interrogatories on both sides.

But the statute, 2 R. S. 315, 2d ed. § 24, sub. 1, requires that the commissioners, or one of them, shall publicly administer an oath to the witnesses named in the commission, and sub. 4 and 5, prescribe that the commissioners, after closing up and sealing the depositions, shall, if the direction be to return by mail, *immediately* deposite the packet in the nearest post office.

It is objected that the return failed to state that the oath was *publicly* administered, and that the deposite was *immediately* made. In respect to the latter, it is, we apprehend, a sufficient answer that the statute is directory, and speaks with a view to hasten the commissioners for the benefit of the party suing out the commission. It relates to a matter over which he has no control. The delay cannot be supposed to prejudice the opposite party, who, if it be unreasonable, has his remedy by moving for judgment as in case of nonsuit, notwithstanding the commission, provided he be defendant in the cause, *Tilford* v. *Thompson*, *1 *Caines* 517. We think a [ *41 ] motion was the only remedy of the defendants.

In respect to the manner of administering the oath, as whether *public* or private; no doubt, when a statute proposes to substitute depositions to be taken in a prescribed form as a substitute for the open common law examination on the stand, it must be strictly pursued, *Jackson, ex dem. Parker*, v. *Hobby*, 20 *Johns. R.* 357, 361; and the only question here is, whether the manner of administering the oath must expressly appear in the return of the commissioners. If that be essential, the return was defective. It gives the form of the oaths, which was right. By § 24, they are to execute the commission as follows : 1. They, or one of them, shall *publicly* administer an oath that the answers given by the witnesses to the interrogatories . proposed to them shall be the truth, &c. ; 2. They shall cause the examination of each witness to be reduced to writing, subscribed by him, and certified by such of the commissioners as are present, &c. ; 3. By *sub. 4th*, the commissioners subscribe their names to each sheet of the depositions taken by them, and close them up under their seals, and address them as required by the statute. A copy of the section containing these directions, with others as to the mode of executing the commissions, certifying the proceedings under it and transmitting them, must, by *sub.* 6, be annexed to the commission. In short, the statute requires the *written examination* of the witness by him subscribed to be certified by the commissioners. This is all; and the express requirement of the statute would seem to be fairly complied with, if the court

be enabled to see from the return that the oath was sufficiently broad in terms to cover all the interrogatories proposed ; that it was in fact administered to the witness, and that he answered to the questions put.   All this appeared, or rather, we are to intend that it appeared ; for the certificate of the commissioner is not impeachable for any defect, unless it be the omission to state that the oath was administered *publicly*.   If that be not made by the statute an essential part of the certificate, then we ought to intend that it [ *42 ]  was administered *publicly*.   These *commissioners are, for the purpose of taking testimony under the statute, officers of the law, officers, it is true, with limited powers, like an inferior magistrate holding his court ; but in favor of whom, when he returns that he administered a certain oath required by statute, we intend that he administered it publicly, and even in proper form, unless he give particulars, or state something from which it appears affirmatively that he departed from the statute.   The common form of a *jurat* shows this.   An officer certifies that the deponent was sworn before him on such a day ; we intend that he was sworn in due form.   It cannot, in the nature of things, be necessary for the commissioners to say that the witness was sworn in public, more than that he was sworn on the gospels, or that these were tendered to him, and he preferred some other form.   On the whole, as the statute has not required commissioners to return expressly whether the oath was in public or private, we think the return may easily be sustained by the doctrine of intendment.

The cases cited in support of the objection, *Bailis* v. *Cochran*, 2 *Johns. R.* 417, and *Bolte* v. *Van Rooten*, 4 *id.* 130, far from discountenancing, rather go to confirm this view.   In the first, the commissioners no where certified that the witness was sworn or even examined by them, or that they caused his examination to be reduced to writing.   It was therefore rejected.   In the last case, the examination was received without the form of the oath being returned.   The court contented themselves with being able to collect from the whole return that the witness had been sworn and examined before the commissioners on interrogatories administered under the commission.   The court intended that the examination was reduced to writing by the commissioners, that the witness was sworn *by them ;* and it was not even questioned but that the oath must be intended to have been correct in form.

New trial denied.